UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBY N. POPE, V71862,<br>　　　　Plaintiff,<br>　　v.<br>M. THOMAS, et al.,<br>　　　　Defendant(s). | Case No. 23-cv-00328-CRB (PR)<br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br>(ECF No. 17) |

　　　　Plaintiff, a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), filed a pro se complaint under 42 U.S.C. § 1983 alleging that on May 22, 2022, and again on May 23, 2022, while he was incarcerated at Salinas Valley State Prison (SVSP), defendants failed to protect him from assaults by other prisoners and ensure that he was given medical attention after the first assault. The court screened the complaint pursuant to 28 U.S.C. § 1915A and found that, liberally construed, it appeared to state arguably cognizable claims for damages for deliberate indifference to plaintiff's safety and health needs in violation of the Eighth Amendment under § 1983, and for negligence under California law pursuant to this court's supplemental jurisdiction under 28 U.S.C. § 1367, against the named correctional officers at SVSP—M. Thomas, S. Bangar, Ruiz, P. Soto, F. Covarrubias, J. Galaviz, P. Ramirez-Ruiz, G. Quiroz and T. Lopez—and ordered them served.[1]

　　　　Currently before the Court for decision is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (1) on the face of the complaint, plaintiff failed to properly exhaust available administrative remedies (a) as to his Eighth Amendment

---

[1] The court dismissed plaintiff's claims for declaratory and/or injunctive relief and dismissed former SVSP Warden Trent Allen and made clear that this action "will proceed only as to plaintiff's claims for damages for deliberate indifference and negligence against the named correctional officers." Apr. 18, 2023 Order (ECF No. 10) at 3.

failure-to-protect claims against defendants Bangar, Covarrubias, Galaviz, Lopez, Ruiz, Soto and Thomas, and (b) as to his Eighth Amendment failure-to-provide-medical care claim against all defendants; (2) plaintiff's allegations fail to state a claim for failure to protect under the Eighth Amendment; and (3) defendants are entitled to Eleventh Amendment immunity on plaintiff's official-capacity claims against them. Plaintiff did not file a response to the motion. For the reasons set forth below, the motion to dismiss will be granted with leave to amend.

## PLAINTIFF'S ALLEGATIONS

Plaintiff sues defendants in their individual and official capacities, and alleges as follows in the operative complaint:

A.   First Assault on May 22, 2022

Plaintiff alleges that on May 22, 2022, he was awaken from his sleep by five inmates punching and kicking him in his cell. Compl. (ECF No. 1 at 10) at 5. The assault occurred at SVSP in Building 5 in the B Facility where plaintiff was housed. At the time of the assault, Building 5 was on a "24 hour threat assessment due to ongoing violence on the [f]acility grounds from several batteries on correctional staff." Id. B Facility had been placed on a modified program (Program) to facilitate searches of contraband and conduct interviews. The Program required "[e]scort of all [m]ovement," "[o]ne inmate per shower," and that showers be "locked" while inmates were showering. Id. at 5–6.

Plaintiff alleges that defendants violated the terms of the Program by allowing inmates to "roam[] around without escort on the floor" and neglected to conduct "unclothed body searches with hand held metal detector[s]." Id. Specifically, plaintiff alleges that defendant Ramirez-Ruiz "was the officer working the tower in Building 5 in charge of the doors being opened and closed," and defendant Quiroz was "the sole officer working the floor of Building 5" when the attack occurred. Id. at 5. Further, plaintiff alleges that defendant Soto "authorized the [P]rogram to be ran in such a manner" that inmates roamed around the building without an escort and that Soto "did not give a directive that the shower gate to the showers be locked." Id.

As a result of the assault, plaintiff alleges that he sustained "lacerations to the facial area, head trauma and back injuries" and that he was "not given medical attention." Id. at 6.

Plaintiff further alleges that after the assault he "was disorientated after being unconscious and was coerced" by defendants Soto and Bangar into signing a "compatibility chrono"[2] with the five inmates who assaulted him. Id. Thereafter, defendant Thomas "was phoned and notified" of the assault and gave permission to place plaintiff back in the same cell—in B Facility, Building 5—where the assault had just occurred. Id.

B. <u>Second Assault on May 23, 2022</u>

On May 23, 2022, the day after the first assault, plaintiff alleges that he informed defendants Lopez, Covarrubias, Galaviz, and Ruiz that he wanted to be moved to a cell in "Building 4 out of the Building 5 with all the inmates who assaulted him the previous day." Id. at 7. But defendants "laughed it off, claimed they understood but never moved him." Id. Defendant then "went to Building 4 to find a cell to move into immediately." Id. As plaintiff was "attempting to enter back into Building 5," he was assaulted again by seven inmates. Id. Two of the seven inmates were involved in the first assault. Id. Plaintiff was punched, kicked, and "poked with a weapon above the eye, causing a deep laceration." Id. Plaintiff alleges that the assault caused him a left nasal fracture, severe head trauma, and back injuries. Id.

Plaintiff "was provided medical attention this time" and taken to the emergency room. Id.

## LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of a claim. <u>Conservation Force v. Salazar</u>, 646 F.3d 1240, 1241–42 (9th Cir. 2011). Dismissal is proper for failure to state a claim under Rule 12(b)(6) where (1) the plaintiff has failed to state a cognizable legal theory, or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. <u>Somers v. Apple, Inc.</u>, 729 F.3d 953, 959 (9th Cir. 2013).

When ruling on a motion to dismiss, a court must accept as true all material allegations in the complaint, but it need not accept as true "legal conclusions cast in the form of factual

---

[2] After an altercation with another inmate, an inmate can demonstrate his willingness to exist peacefully in the same facility by signing a Form CDC 128 B, otherwise known as a "compatibility chrono." <u>Dillingham v. Johnson</u>, No. 13-cv-05777-YGR (PR), 2015 WL 5590735, at *5 (N.D. Cal. Sept. 23, 2015). After signing the compatibility chrono, the inmates are assigned to different cells, but they may still be housed in the same facility. See id. Unwillingness to sign the chrono may indicate continuing hostilities. See id.

3

allegations if those conclusions cannot be reasonably drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994). Review is limited to the contents of the complaint, but a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

**DISCUSSION**

Defendants move to dismiss on the grounds that: (1) on the face of the complaint, plaintiff failed to properly exhaust available administrative remedies (a) as to his Eighth Amendment failure-to-protect claims against defendants Bangar, Covarrubias, Galaviz, Lopez, Ruiz, Soto and Thomas, and (b) as to his Eighth Amendment failure-to-provide-medical care claim against all defendants; (2) plaintiff's allegations fail to state a claim for failure to protect under the Eighth Amendment; and (3) defendants are entitled to Eleventh Amendment immunity for plaintiff's official-capacity claims against them.

A.   Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is now mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The PLRA also requires "proper exhaustion" of available administrative remedies. Id. at 93.

Proper exhaustion requires that a prisoner comply with applicable administrative guidelines and procedural rules. Id. at 90. The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. Jones, 549 U.S. at 217-18. In California, the regulations require a prisoner "to lodge his administrative

4

1    complaint on a CDC form 602 and 'to describe the problem and action requested.'" Morton v.
2    Hall, 599 F.3d 942, 946 (9th Cir. 2010) (quoting Cal. Code Regs., tit. 15 § 3084.2(a)).
3           California regulations also specifically require that a prisoner identify all the staff members
4    involved in the alleged violation of his rights, including names, titles, dates, and any other
5    information that could help ascertain their identities. Cal. Code Regs., tit. 15, § 3482(c)(2). If a
6    prisoner does not have information to identify involved staff members, the prisoner shall provide
7    any other available information that may assist in processing the grievance. Id.
8           The grievance process in 2022—the timeframe relevant to plaintiff's complaint—consisted
9    of two levels of review: (1) the institutional-level review; and (2) the director's-level review
10   conducted by the Office of Appeals (OOA) in Sacramento, California. Id. §§ 3481(a)–(b). A
11   substantive decision by the OOA exhausts administrative remedies. Id. § 3485(I). A grievance
12   may be procedurally rejected (rather than denied on the merits in a substantive decision) for the
13   reasons outlined in California Code of Regulations, Title 15, § 3485(g). A rejection of a grievance
14   by the OAA does not exhaust administrative remedies. Id. § 3485(I)(2).
15          Failure to properly exhaust under the PLRA is "an affirmative defense the defendant must
16   plead and prove." Jones v. Bock, 549 U.S. 199, 204, 216 (2007). Prisoners are not required to
17   specifically plead or demonstrate exhaustion in their complaints. Id. at 215-17.
18          If a failure to exhaust is clear on the face of the complaint, a defendant may move for
19   dismissal under Rule 12(b)(6). Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).
20   Otherwise, defendants must produce evidence proving failure to exhaust in a motion for summary
21   judgment under Rule 56. Id.
22          Defendants move for dismissal (rather than summary judgment) on non-exhaustion
23   grounds because they contend that plaintiff's failure to properly exhaust is clear from the face of
24   the complaint. Their contention relies on plaintiff's averments in the complaint that he exhausted
25   available administrative remedies via a singular appeal, contained on a CDCR 602 form,
26   numbered 0263737 and attached to the complaint as Exhibit A. See ECF No. 1 at 2, 30-39.
27          1.      Failure-to-Protect Claims
28          Plaintiff's attached grievance that he alleges exhausted available administrative remedies

does not allege any wrongdoing by Covarrubias, Galaviz, Lopez or Ruiz in connection with plaintiff's Eighth Amendment failure-to-protect claims. See id. at 31-33. Nor does the grievance identify any of these defendants by name or title, or other description to help identify them, as California regulations require. See id. There is nothing in the grievance to put prison officials on notice that Covarrubias, Galaviz, Lopez or Ruiz were involved in the alleged failure to protect plaintiff from other inmates on either May 22 or May 23, 2022. Plaintiff consequently did not properly exhaust available administrative remedies as to his failure-to-protect claims against Covarrubias, Galaviz, Lopez or Ruiz. See Parks v. Chappell, No. 13-cv-4048-EMC, 2015 WL 3466280, *5 (N.D. Cal. Jun. 1, 2015) (collecting cases) (California state prisoner's failure to identify defendant by name, position, words, or specific conduct in administrative appeal entails failure to exhaust claims under PLRA). Plaintiff's failure-to-protect claims against Covarrubias, Galaviz, Lopez and Ruiz are dismissed without prejudice.

But the same cannot be said of plaintiff's Eighth Amendment failure-to-protect claims against Bangar, Soto, and Thomas. Defendants argue that although plaintiff identified Bangar, Soto and Thomas by name in the grievance, "he did not describe . . . any of the allegations that he asserted against them in this lawsuit." Mot. (ECF No. 17) at 8. He did not have to. California regulations require that a prisoner "'describe the problem and action requested.'" Morton, 599 F.3d at 946 (quoting Cal. Code Regs., tit. 15 § 3084.2(a)). This requirement is no more specific than the general PLRA requirement that the grievance contain sufficient information to alert the prison to the nature of the wrong for which redress is sought. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (purpose of grievance is to alert prison to problem and facilitate its resolution, not to lay groundwork for litigation). Plaintiff's grievance sufficiently alerted the prison of plaintiff's claim that Bangar, Soto and Thomas (as well as Ramirez-Ruiz and Quiroz) were responsible for the alleged failure to protect plaintiff from other inmates on May 22 and/or May 23, 2022. Plaintiff's failure-to-protect claims against Bangar, Soto, Thomas, Ramirez-Ruiz and Quiroz were properly administratively exhausted.

      2.     <u>Failure-to-Provide-Medical Care Claim</u>

Plaintiff's attached grievance that he alleges exhausted available administrative remedies

does not contain any allegations whatsoever that any of the defendants denied plaintiff access to medical care after the May 22, 2022 incident. Instead, the grievance describes in detail the medical care that plaintiff received after the May 23, 2022 incident. See ECF No. 1 at 33. Because the grievance did not give the prison fair notice of plaintiff's failure-to-provide-medical care claim by any defendants, as required by Griffin v. Arpaio and California regulations, plaintiff's Eighth Amendment failure-to-provide-medical care claim was not properly administratively exhausted and is dismissed without prejudice. See Griffin, 557 F.3d at 1120.

In sum, defendants are entitled to dismissal without prejudice for non-exhaustion of plaintiff's Eighth Amendment failure-to-protect claims (and related state law negligence claims) against Covarrubias, Galaviz, Lopez and Ruiz and Eighth Amendment failure-to-provide-medical care claims (and related state law negligence claims) against all defendants. They are not entitled to dismissal without prejudice for non-exhaustion of plaintiff's Eighth Amendment failure-to-protect claims (and related state law negligence claims) against Bangar, Soto, Thomas, Ramirez-Ruiz, or Quiroz.

B.  Elements of Failure-to-Protect Claim Under Eighth Amendment

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). But the failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. Id. at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment."

Id. at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).

Plaintiff's allegations in the operative complaint suggest that the first assault on May 22, 2022 occurred because Ramirez-Ruiz, Quiroz and Soto did not follow (or ensure that others follow) the requirements of the Program that was then in place and allowed prisoners to walk in plaintiff's housing unit without an escort. And plaintiff's allegations further suggest that the second assault on May 23, 2022 occurred because Bangar, Soto and Thomas improperly sent plaintiff back to his cell after the May 22, 2022 assault (and perhaps also because Lopez, Covarrubias, Galaviz, and Ruiz did not immediately act on plaintiff's request to be moved to another building). But defendants correctly note that the Eighth Amendment requires more—it requires that a correctional officer be personally aware of an actual threat or excessive risk to a prisoner's safety before there is any affirmative duty on the officer's part to protect the prisoner. See Farmer, 511 U.S. at 837. A "mere suspicion" that an assault or attack may take place is not enough. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Deliberate indifference requires that the correctional officer know of facts supporting an inference of substantial risk to the prisoner's safety and that the officer draw the inference. See Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160-61 (9th Cir. 2013).

Plaintiff's properly exhausted Eighth Amendment failure-to-protect claims will be dismissed with leave to amend to set forth specific facts showing how Ramirez-Ruiz, Quiroz and Soto knew that the way in which they were implementing the Program created an excessive risk to plaintiff's safety and how they failed to take reasonable steps to abate that risk. See Farmer, 511 U.S. at 834, 837. Similarly, plaintiff will be afforded an opportunity to amend to set forth specific facts showing how Bangar, Soto and Thomas knew that sending him back to his cell after the first assault created an excessive risk to plaintiff's safety and how they failed to take reasonable steps to abate that risk. See id. Plaintiff also must set forth specific facts showing how every defendant actually and proximately caused the deprivation of plaintiff's federal rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

C.     Official-Capacity Claims

It is well established that the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state and its agencies, and against defendants in their official capacity unless the state, the agency, or the defendants consent to such suit.  See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997).  Plaintiff sues defendants for damages in both their individual and their official capacities.  But because neither the State of California nor the defendants consented to this suit, defendants are entitled to dismissal of the official-capacity claims for damages against them.  See id.  Plaintiff may proceed only with individual-capacity claims for damages in this suit.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (ECF No. 17) is GRANTED as follows:

1.     Plaintiff's Eighth Amendment failure-to-protect claims (and related state law negligence claims) against Covarrubias, Galaviz, Lopez and Ruiz and Eighth Amendment failure-to-provide-medical care claims (and related state law negligence claims) against all defendants are dismissed without prejudice for failure to properly exhaust available administrative remedies.  But plaintiff's Eighth Amendment failure-to-protect claims (and related state law negligence claims) against Bangar, Soto, Thomas, Ramirez-Ruiz and Quiroz were properly exhausted.

2.     Plaintiff's properly exhausted Eighth Amendment failure-to-protect claims against Bangar, Soto, Thomas, Ramirez-Ruiz and Quiroz are dismissed with leave to amend to set forth specific facts in support of viable Eighth Amendment failure-to-protect claims against these defendants, if possible.

3.     Plaintiff's official-capacity claims against all defendants are dismissed with prejudice.

Good cause appearing therefor, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated

9

time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

The clerk is directed to terminate the motion appearing on ECF as item number 17.

**IT IS SO ORDERED**.

Dated: April 3, 2024

_____
CHARLES R. BREYER
United States District Judge